J-S67020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTON COCHRAN | |
| Appellant | No. 926 EDA 2016 |

Appeal from the PCRA Order March 4, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0407551-2006

BEFORE: FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.: **FILED OCTOBER 11, 2016**

Appellant, Anton Cochran, appeals from the order entered March 4, 2016, denying as untimely his second petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On March 29, 2007, Appellant was sentenced to life imprisonment, following a jury trial resulting in his conviction for first-degree murder and possession of an instrument of crime.[1] Appellant did not file post sentence motions or take a direct appeal.

In August of 2012, Appellant filed his first petition for collateral relief. Appellant's petition asserted that he was entitled to relief based upon the United States Supreme Court decision in **Miller v. Alabama**, 132 S. Ct.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.§ 2502; 18 Pa.C.S. § 907

2455 (2012).[2]  While the petition was pending, in September of 2013, Appellant also filed a petition for writ of habeas corpus, asserting that he was being illegally held because there was no written sentencing order authorizing his confinement.

On November 13, 2014, PCRA counsel was appointed, and on February 20, 2015, counsel submitted a no merit letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).  On March 9, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing.  On April 13, 2015, the court dismissed Appellant's petition and granted appointed counsel's petition to withdraw.

Appellant *pro se* filed a second petition for writ of habeas corpus on November 11, 2015.  On January 21, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing.  On March 4, 2016, the PCRA court dismissed the petition as untimely.  Appellant appealed *pro se*.  The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement but issued a memorandum opinion explaining its decision.

---

[2] **Miller** rendered Pennsylvania's mandatory scheme of life imprisonment for first and second degree murder unconstitutional, as applied to offenders under the age of eighteen (18) at the time of their crimes.  **Miller v. Alabama**, 132 S.Ct. 2455 (2012).  **Miller** was not applicable to Appellant's petition as he was approximately 44 years of age when he committed the murder.

Appellant raises the following issues, restated for clarity:

1. Whether the PCRA court erred in dismissing his Habeas Corpus ad Subjiciendum petition as an untimely PCRA.

2. Whether Appellant's continued confinement is unlawful where there exists no lawful written judgment of sentence order authorizing his confinement in the Department of Corrections.

3. Whether Appellant's sentence of life imprisonment is unlawful as he was never charged with a prior homicide.

*See* Appellant's Brief at 2.

The standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of the record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

In his first issue, Appellant contends the PCRA court erred when it reviewed his petition for writ of habeas corpus under the PCRA. Appellant's contention is incorrect.

The PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose…, including habeas corpus." 42 Pa.C.S. § 9542. Both the PCRA and the state habeas corpus statute contemplate that the PCRA subsumes the

writ of habeas corpus in circumstances where the PCRA provides a remedy for the claim. *Commonwealth v. Peterkin*, 722 A.2d 638, 640 (Pa. 1998).

Here, Appellant challenges the legality of his sentence. Such a claim is cognizable under the PCRA. **See** 42 Pa.C.S. § 9542 (providing that "persons serving illegal sentences" may obtain relief under the PCRA); 6543(a)(2)(vii) (providing relief where the sentence imposed is "greater than the lawful maximum"). Because the PCRA provides a remedy for Appellant's claims, the lower court was correct in treating the petition as a request for relief under the PCRA.

Therefore, we must next address the PCRA timeliness requirements. The timeliness of Appellant's petition implicates jurisdiction and may not be altered or disregarded in order to address the merits of his claim. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, all petitions seeking collateral relief must be filed within one year of the date the judgment of sentence becomes final. *Id.*

Here, Appellant's judgement of sentence became final thirty days after the judgment of sentence was entered and the time for filing a direct appeal had expired. Thus, his sentence became final on April 30, 2007. 42 Pa.C.S. §9545(b)(3). *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) The instant PCRA was filed on November 11, 2015, more than seven years after the judgment of sentence became final. The Appellant's petition is patently untimely, and for this court to have jurisdiction to review the

- 4 -

merits of Appellant's claims he must prove the applicability of one of the exceptions to the timeliness requirement.

There are three statutory exceptions:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).  Appellant has the burden of proving an exception to the time bar.  *Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2008).  In addition, a petition seeking relief pursuant to a statutory exception must adhere to the additional requirement of filing the claim within 60 days of the date the claim could have been first presented.  42 Pa.C.S. § 9545(b)(2).

Here, Appellant's petition does not assert or prove an exception to the timeliness requirement.  Consequently, the PCRA court did not have jurisdiction to review the merits of Appellant's claims.  Although the legality of a sentence is always subject to review within the PCRA, claims must first satisfy the PCRA's time limits or one of the exceptions thereto.

*Commonwealth v. Taylor,* 65 A.3d 462, 468 (Pa. Super. 2013). Thus, we affirm the PCRA court's denial of Appellant's untimely PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2016